```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ALEXANDER BAKER et al.,                                            :
                                                                   :
                               Plaintiffs,                         :
                                                                   :          21-CV-11126 (JMF)
                -v-                                                :
                                                                   :       MEMORANDUM OPINION
AMERICAN SOCIETY OF COMPOSERS, AUTHORS,                            :            AND ORDER
AND PUBLISHERS et al.,                                             :
                                                                   :
                               Defendants.                         :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiffs' motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is DENIED as frivolous, substantially for the reasons stated on pages eight to fifteen of Defendants' memorandum of law. *See* ECF No. 66 ("Defs.' Opp'n").

For starters, the motion is DENIED because G. Scott Sobel, counsel to Plaintiffs, is not admitted to the Bar of this Court. He moved twice for admission *pro hac vice* (although, conspicuously, he did not do so until *after* Defendants had filed their opposition to Plaintiffs' motion and called Sobel out for not being admitted to the bar of this Court, *see* Defs.' Opp'n 1 n.9), but both motions were terminated by the Clerk's Office as deficient, and he has not corrected the deficiencies. *See* ECF Nos. 67, 69. The fact that Sobel is not a member of the Bar of this Court is reason enough to deny the motion. *See, e.g.*, *Laiscell v. Hartford Bd. of Ed.*, No. 3:20-CV-1463 (VLB), 2021 WL 2376360, at *2 (D. Conn. June 10, 2021); *Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 485 (S.D.N.Y. 1996).[1]

---

[1] Although the Court need not decide the issue now, Sobel's failure to gain admission to the Bar may also be reason to deny any future motion for admission *pro hac vice*. "[B]efore this

Separate and apart from that, the motion is meritless, procedurally improper, and untimely. First, the record confirms that, despite their assertions to the contrary, Plaintiffs did in fact consent to transfer from the District of Arizona to this District — so long as the "entire case . . . , including the case against both ASCAP and all BMI Defendants," was transferred, which it was. Defs.' Opp'n 8-10 (quoting No. 4:21-CV-0022 (RM), ECF No. 30, at 17 (D. Ariz. June 1, 2021)). Second, even absent such consent, the Arizona court had jurisdiction and authority to transfer the case pursuant to 28 U.S.C. § 1404(a). See Defs.' Mem. 11-13. And regardless, "a Rule 60(b) motion is properly denied where," as here, "it seeks only to relitigate issues already decided." *Pastor v. P'ship for Children's Rts.*, 856 F. App'x 343, 345 (2d Cir. 2021) (summary order) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)); *see also D'Angelo v. State Farm Fire & Cas. Co.*, 201 F.3d 430, 430 (2d Cir. 1999) ("Rule 60(b) is not a substitute for appeal and may not be used to relitigate the merits of a case."). *See generally* Defs.' Opp'n 14-15. Finally, and in any event, Plaintiffs have not come close to showing that there are "exceptional circumstances" that would justify the "extraordinary judicial relief" that Rule 60(b) entails. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

---

Court will admit an attorney to practice *pro hac vice*, this Court must have some reasonable assurance that such attorney is familiar with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, this Court's Individual Rules, and the customs and practices of this Court." *Erbacci, Cerone, & Moriarty*, 923 F. Supp. at 485-86. Sobel's practice before this Court knowing that he was not authorized to practice law here — which, notably, may well be a crime under New York law, *see id.* — raises serious doubts by itself about whether he can satisfy that standard. Moreover, there are other reasons to be concerned. Sobel filed a fourteen-page reply memorandum of law, *see* ECF No. 68 ("Pls.' Reply"), despite this Court's unambiguous rule that replies may not exceed ten pages. *See* Rule 3(D), Individual Rules and Practices for Civil Cases ("Unless prior permission has been granted, . . . reply memoranda are limited to 10 pages."), *available at* https://nysd.uscourts.gov/hon-jesse-m-furman. And, even more concerning, the reply contains allegations — most notably, that Defendants conspired with another attorney to murder Plaintiffs' prior counsel, *see, e.g.*, Pls.' Reply 3-4 — that are as irrelevant to the legal issues presented as they are outrageous. If, as the Court suspects, these allegations are untrue, they are plainly sanctionable.

In short, Plaintiffs' motion is DENIED.  Moreover, in light of the fact that Sobel is not authorized to practice law in this Court, the case is stayed until **August 22, 2022**.  If, at the end of that period, Plaintiffs have not secured counsel authorized to practice in this Court (whether that is new counsel or Sobel actually succeeds in obtaining leave to proceed *pro hac vice*), Plaintiff Alexander C. Baker will be deemed to be proceeding *pro se* and the claims of Adam Bravery LLC will be dismissed for failure to prosecute.  *See, e.g.*, *Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09-CV-0902 (JGK), 2013 WL 4451301, at *1 (S.D.N.Y. Aug. 19, 2013) (adopting a Report and Recommendation and dismissing for failure to prosecute where the plaintiffs, a limited liability corporation and a corporation, had not obtained counsel); *see also, e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[A] limited liability company . . . may appear in federal court only through a licensed attorney.").  Should Sobel move for admission *pro hac vice*, Defendants are granted leave to file a response; any such response shall be filed within three days of Sobel filing a new motion to proceed *pro hac vice*.  Finally, the parties' deadline to propose a briefing structure and schedule for Defendants' anticipated motions to dismiss, *see* ECF No. 65, is hereby extended **August 29, 2022**.

The Clerk of Court is directed to terminate Sobel as counsel to Plaintiffs and to terminate ECF No. 61.

SO ORDERED.

Dated: July 20, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge

3