```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
ALEXANDER C. BAKER,                                                  :
                                                                     :
                          Plaintiff,                                 :
                                                                     :           21-CV-11126 (JMF)
               -v-                                                   :
                                                                     :           MEMORANDUM OPINION
AMERICAN SOCIETY OF COMPOSERS, AUTHORS                               :               AND ORDER
AND PUBLISHERS, et al.,                                              :
                                                                     :
                          Defendants.                                :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff James C. Baker, a musician, brings this putative class action suit *pro se* against Defendants American Society of Composers, Authors and Publishers ("ASCAP") and Broadcast Music, Inc. ("BMI"). Baker filed the case in the United States District Court for the District of Arizona, but that court had dismissed most of his claims and then transferred the case here. *See Baker v. Am. Soc'y of Composers, Authors and Publishers (Baker I)*, No. 21-CV-22, 2021 WL 6125710 (D. Ariz. Dec. 28, 2021). Shortly thereafter, this Court severed one claim and transferred it to Judge Stanton as related to No. 64-CV-3787, which governs the consent decree between the United States and BMI. *See* ECF No. 63. Two claims thus remain. First, Baker seeks a declaratory judgment that Defendants owe a fiduciary duty to members of the class by virtue of their role as contractual licensors of songwriters' music. Second, he seeks damages for alleged breach of fiduciary duty. Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Baker's remaining claims with prejudice. ECF No. 80.

Before the Court can entertain Defendants' arguments for dismissal, however, it must ensure that it has subject-matter jurisdiction. *See, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). Judge Márquez previously

determined that there was federal jurisdiction over the claims — which are brought under state law — pursuant to the Class Action Fairness Act ("CAFA"), which authorizes federal jurisdiction over cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant," as long as the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2); *Baker I*, 2021 WL 6125710, at *3. Assuming *arguendo* that the Court can (and should) exercise jurisdiction pursuant to CAFA, however, the operative complaint does not actually establish the minimal diversity required by the statute — to wit, that Baker is diverse from BMI.[1] That is because Baker fails to allege his *citizenship*; instead, he states only that he "resides in California." FAC ¶ 25. It is well established, however, that "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . ."). Before proceeding further, therefore, Baker must remedy this defect by properly alleging that he is a citizen of a state different than BMI.

But assuming that Baker can and does remedy that defect, there is another potential jurisdictional issue. Defendants argue — conspicuously, without opposition from Baker — that a *pro se* plaintiff may not bring class claims. *See* ECF No. 81 ("Defs.' Mem."), at 2, 16. It is indeed true that a *pro se* plaintiff cannot assert claims on behalf of third parties. *Iannaccone v. Law*, 142

---

[1]   ASCAP is an unincorporated membership organization with members in all fifty states, ECF No. 82-1, at 3, so it is a citizen of every state in which its members reside. *See Scroggins v. Scroggins*, No. 15-CV-9524 (PAE), 2017 WL 1047356, at *7 (S.D.N.Y. Mar. 16, 2017); *accord United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994) ("[T]he citizenship of an unincorporated association . . . is determined by the citizenship of *each* of its members (emphasis in original)). Baker cannot, therefore, be diverse from ASCAP. Thus, to meet the minimal diversity requirements of CAFA, Baker must allege that he is diverse from BMI.

F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Further, courts have applied this principle to bar *pro se* litigants from bringing class action claims. *See, e.g.*, *Kimber v. Tallon*, 556 F. App'x 27, 28 (2d Cir. 2014) (summary order) ("Generally, it is inappropriate for a *pro se* litigant to represent the interests of a class."); *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (explaining that it is "well established" that a *pro se* litigant "cannot adequately represent the interests of other class members") (summary order); *Chapman v. U.S. Dep't of Justice*, 558 F. Supp. 3d 45, 49 (E.D.N.Y. 2021) (dismissing the plaintiff's class action claims because he was "proceeding *pro se* and cannot bring a class action on behalf of others"); *Jaffe v. Cap. One Bank*, No. 09-CV-4106 (PGG), 2010 WL 691639, at *10-11 (S.D.N.Y. Mar. 1, 2010) ("[A] *pro se* plaintiff may not bring an action in which he will serve as both class representative and class counsel."). Thus, even if Baker can properly plead the minimal diversity required by CAFA, it may be that his class claims would fail as a matter of law.

If the class claims are dismissed on this basis, and the Court were to construe Counts Five and Six to be asserting only individual claims, *see Bey v. Mazda Motor of Am.*, No. 22-CV-3328 (JPO), 2023 WL 112555, at *3 (S.D.N.Y. Jan. 5, 2023),[2] it would raise a separate jurisdictional question. In general, "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S.

---

[2] It is true, as Defendants note, that Baker pleaded his two remaining claims *only* as "class claim[s]." Defs.' Mem. 4; FAC ¶¶ 161-76. Judge Márquez previously dismissed all of Baker's individual claims, including his claims for breach of fiduciary duty, without prejudice for lack of jurisdiction because the individual claims did not arise out of a common nucleus of operative facts as the class claims. *See* ECF No. 40, at 17; FAC ¶¶ 261-71, 344-47. But those individual claims were based on different facts than the class claims, and the allegations supporting the class claims apply to him as well as the class he purported to represent. *Compare* FAC ¶¶ 261-71, 344-47, *with id.* ¶¶ 161-76. Given that, not to mention Baker's *pro se* status, which calls for special solicitude, it may be appropriate to deem the remaining counts to be asserting individual claims in the event that the class claims are dismissed.

3

426, 428 (1991) (per curiam); *F5 Cap. v. Pappas*, 856 F.3d 61, 76 (2d Cir. 2017) (holding that a district court is not necessarily divested of jurisdiction where CAFA was the jurisdictional anchor but the class claims are subsequently dismissed).  Significantly, however, courts do not always apply this rule when CAFA is the only jurisdictional hook.  *See, e.g.*, *Gale v. Chi. Title Ins. Co.*, 929 F.3d 74, 77-78 (2d Cir. 2019) (concluding that the district court was divested of jurisdiction when the plaintiffs amended their complaint to remove class action allegations and CAFA had been the only basis for jurisdiction).  If the class claims are dismissed, the question therefore arises whether the Court can — or should, *see, e.g.*, *Pappas*, 856 F.3d at 77 n.14 ("[O]n finding that a case cannot proceed as a class action, [a district court] . . . can . . . dismiss [the individual claims] without prejudice for consideration in state courts.") — exercise jurisdiction over Baker's remaining claims.

In light of the foregoing, Baker shall, **within three weeks of the date of this Memorandum Opinion and Order**, file a declaration, sworn under penalty of perjury and not to exceed three pages, attesting to his citizenship **and** showing cause why the Court can and should exercise subject-matter jurisdiction over his remaining claims.  Defendants shall file any response, not to exceed three pages, **one week thereafter.**  If Baker does not file anything by the deadline, the Court will dismiss the case without prejudice for lack of subject-matter jurisdiction.

The Clerk of Court is directed to terminate ECF No. 80 and to mail a copy of this Memorandum Opinion and Order to Baker.

SO ORDERED.

Dated: April 5, 2023
      New York, New York

                                                         JESSE M. FURMAN
                                                  United States District Judge